# UNITED STATES DISTRICT COURT

## OF THE WESTERN DISTRICT OF TEXAS

Amendment to Complaint filed in this court

Cause N. AS-03-CA-1106-XR
SA

Plaintiff

Peggy L. Hendrick

Vs.

Defendant

NISD

Complaint is amended specifically as follows:

The defendant, NISD, displayed discrimination against the plaintiff, Peggy L. Hendrick, when the administrators Peggy Faseler and Mr. De Guire said that the plaintiff was not able to continue to be employed at NISD due to the fact that there was a college suspension against the plaintiff from San Antonio College.  The afore-mentioned administrators indicated that if the college decided to suspend the plaintiff it would constitute legal grounds to also suspend the plaintiff

from employment. Peggy Faseler also mentioned that the entire conversation regarding the medical malpractice and the ensuing difficulties constituted grounds for not allowing the plaintiff to continue to remain employed at NISD.

> ➢ This, in fact, constitutes legal cause to pursue a jury trial based upon the fact that the plaintiff is hereby alleging discrimination due to the suspicion of handicap and disability. The Title I and Title V of the Americans with Disabilities Act of 1990 (ADA), which prohibit employment discrimination against qualified individuals with disabilities in the private sector, and in state and local governments is the legal claim this lawsuit is held up to.

Discriminatory practices under these laws also include:

- harassment on the basis of race, color, religion, sex, national origin, disability, or age;
- retaliation against an individual for filing a charge of discrimination, participating in an investigation, or opposing discriminatory practices;
- employment decisions based on stereotypes or assumptions about the abilities, traits, or performance of individuals of a certain sex, race, age, religion, or ethnic group, or individuals with disabilities; and
- denying employment opportunities to a person because of marriage to, or association with, an individual of a particular race, religion, national origin, or an individual with a disability. Title VII also prohibits discrimination because of participation in schools or places of worship associated with a particular racial, ethnic, or religious group.

Also,

- the Civil Rights Act of 1991, which, among other things, provides monetary damages in cases of intentional employment discrimination.

- Title VII of the Civil Rights Act of 1964 (Title VII), which prohibits employment discrimination based on race, color, religion, sex, or national origin;
- the Equal Pay Act of 1963 (EPA), which protects men and women who perform substantially equal work in the same establishment from sex-based wage discrimination;
- the Age Discrimination in Employment Act of 1967 (ADEA), which protects individuals who are 40 years of age or older;

Americans with Disabilities Act - 42 USC & sect; 12101-12118

Prohibits discrimination based on physical or mental disability. This law applies to public sector employers, and private sector employers with more than 15 employees. Some states have laws that are more stringent.

The above-mentioned laws are more than sufficient to support the legal claim against the defendant in the matter of discrimination based upon the allegations made of any existing disability of the plaintiff based upon the conversation in which the defendant's representative, Peggy Faseler made her claim do deny employment to the plaintiff upon.

This legal matter has a legal basis that supports it. The claim of the defendant is not legal and the plaintiff's request still stands as mentioned in the original petition.

The conspiracy charge is secondary to the main charge of discrimination and is of lesser importance to this matter.

Name _[signature]_   DATE _11/12/03_